IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICKEY BALL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-3301 |
| KIMBERLY SMITH, Warden of Taylorville Correctional Center, | ) ) ) ) |
| Respondent. | ) ) |

OPINION

RICHARD MILLS, United States District Judge:

Petitioner Mickey Ball has filed a Motion for Writ of Habeas Corpus under 28 U.S.C § 2254. Pending also is the Respondent's motion pursuant to 28 U.S.C. § 2254(b)(1) and Rule 4 of the Rules Governing Section 2254 Cases to dismiss without prejudice the Petitioner's unexhausted habeas petition.

I.

In 2010, the Petitioner pled guilty to criminal sexual assault of a minor in exchange for a six-year prison sentence. The record shows that, at the plea hearing, the trial court mistakenly admonished the Petitioner that his sentence included a two-year term of mandatory supervised release (MSR) when, in fact, a

1

criminal sexual assault conviction under Illinois law automatically imposes an MSR term of three years to life.

In 2013, the Illinois Department of Corrections informed the court of its error. The Court then presented the Petitioner with two options: (1) he could agree to serve the three-years-to-life MSR term automatically imposed by law; or (2) he could withdraw his guilty plea. In July 2013, the Petitioner agreed to serve the three-years-to-life MSR term. The Petitioner did not file a direct appeal.

On October 6, 2015, the Petitioner filed a pro se "Motion to Vacate Void Judgement" and "Motion for Specific Performance of Plea Agreement." The motions claimed that:

(1) The trial court's order amending the MSR term was a "unilateral modification and breach" of Petitioner's plea bargain that violated Petitioner's "Constitutional Due Process and Fundamental Fairness Rights" and deprived him of the benefit of his bargain;
(2) Petitioner's counsel coerced him into agreeing to serve the three-years-to-life MSR term;
(3) The MSR term is void and violates Due Process because the Department of Corrections lacked the authority to alter Petitioner's sentence; and
(4) The trial court lacked jurisdiction to amend Petitioner's MSR term.

In March 2016, the trial court denied the Petitioner's motions as untimely and meritless. The Petitioner did not appeal the trial court's ruling.

The Petitioner asserts that although he is now eligible for release from prison to serve MSR, he remains incarcerated because the Prisoner Review Board has rejected host sites he proposed to live in during his MSR term. The Petitioner filed

an unsuccessful grievance with the Prisoner Review Board in 2016, alleging that the rules regarding host sites (such as rules against proximity to schools and other locations where children are present) are impossible for him to meet and thus violate his "civil rights." It appears that Petitioner has not challenged either the Board's decisions or the host site rules applicable to him in an independent action in the Illinois courts.

In his § 2254 petition, the Petitioner alleges the following grounds for relief:

Ground 1: The trial court "violat[ed]" Petitioner's "Constitutional rights" by "arbitrarily" increasing his MSR term;

Ground 2: The restrictions on host sites applied by the Prisoner Review Board when rejecting Petitioner's proposed sites are "too strict" and violate the Constitution;

Ground 3: The Prisoner Review Board's failure to provide a host site for Petitioner, despite his requests for help, violates the Eighth Amendment's prohibition against cruel and unusual punishment; and

Ground 4: Petitioner does "not have a mandatory outdate" despite having completed his prison sentence and three years of MSR while in prison.

## II.

An individual generally is not entitled to a writ of habeas corpus unless he has "exhausted the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(1)(A). There may be an exception to the prohibition if "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §

3

2254(b)(1)(B)(i), (ii). A petitioner is required to "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Johnson v. Pollard*, 559 F.3d 746, 751 (7th Cir. 2009) (citation omitted). "In order to satisfy this requirement, a petitioner must fairly present his federal claims at each level of the state's established review process." *Id*. The failure to do so results in procedural default, thereby precluding federal review. *See id*. A petitioner "shall not be deemed to have exhausted" his claim "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The Petitioner has a state corrective process for Grounds 2, 3 and 4. Illinois law permits an inmate to commence an independent action in state court to address alleged violations of federal law by the Department of Corrections, such as where the inmate contends he is entitled to be released on MSR or he seeks to challenge host-site restrictions. *See, e.g., Johnson v. McGinnis*, 734 F.2d 1193, 1198-1200 (7th Cir. 1984); *see also Neville v. Walker*, 878 N.E.2d 831, 833-35 (Ill. App. Ct. 2007) (reviewing inmate's challenge to host site conditions and Department of Corrections refusal to release him).

The Petitioner has not shown there is an "absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect" his rights. He has not pursued the available state remedies

4

for Grounds 2, 3 and 4. Before pursuing relief under § 2254, the Petitioner must pursue those state remedies through one complete round of state appellate process. Because the Petitioner has not done so, the claims are unexhausted and must be dismissed without prejudice. *See, e.g., McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (affirming dismissal of habeas petition where Petitioner did not file mandamus action in state court challenging Department of Corrections' actions).

Because the Petitioner has not exhausted his state remedies as to Grounds 2, 3 and 4, the Court will dismiss the petition without prejudice.

Ergo, the Respondent's Motion to Dismiss without Prejudice the Petitioner's Unexhausted Habeas Petition [d/e 10] is ALLOWED.

The Petition of Mickey Ball for Writ of Habeas Corpus under 28 U.S.C. § 2254 [d/e 1] is DISMISSED without prejudice for failure to exhaust.

The Petitioner's Motion for Appointment of Counsel [d/e 4] is DENIED.

The Clerk will terminate any other pending motions [d/e 13, 14] and enter Judgment.

ENTER: September 26, 2018

    FOR THE COURT:

        /s/ *Richard Mills*
        Richard Mills
        United States District Judge